[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Court has taken the bench in order to read into the record it's decision in the matter of Raul Rebello versus Maynard C. Bouchard, Docket Number CV-98-0331125.
The intention of the Court is to read this into the record and then adopt it as it's memorandum of decision, once it is prepared by the Court reporter.
The Court finds the first three paragraphs of the plaintiff's complaint proven and incorporates them by reference. The Plaintiff's door, at the time of the collision, was open sufficiently to permit the plaintiff to place his left foot on the pavement, but not fully open. The point of impact was the rear edge of the door and not the interior of the door. The plaintiff was holding onto the armrest with his left hand at the moment of collision. The parking lane, at the point of collision, was eight feet, four inches wide and the plaintiff's car, a Ford Tempo, was about five feet wide, with it's front right wheel about two inches from the curb and it's rear right wheel five to six inches from the curb. The traveled portion of the roadway, at the point of collision, consisted of two marked lanes of a total width of 23 feet. At all relevant times, the door of plaintiff's vehicle was within the parking lane and did not extend into the right travel lane, which had a width of eleven feet one inch. The plaintiff was, thereby, exercising reasonable care.
Defendant's vehicle had a cargo body eight feet in width. The defendant operator, while passing the point of collision, negligently allowed his vehicle to drift into the parking lane, sufficiently to strike the plaintiff's open door at it's rear edge. A vector of the collision force caused the door to close CT Page 610 toward the plaintiff's extended left leg, causing it to catch plaintiff's left calf between the door and the car and also strike plaintiff's left knee.
The plaintiff was treated at Danbury Hospital on April 18, 1996 and was treated for bruising and swelling of the left calf and discharged on crutches with pain medication. Plaintiff was homebound for three to four days and on crutches for two weeks. And, thereafter, used a cane for three weeks each day and still uses a cane from time to time.
The plaintiff's left knee developed tenderness and he was referred by his family physician, Doctor John J. McDermott for physical therapy in May, June and August of 1996, which proved painful and did not produce a diminishment to the pain in his knee. The pain and walking limitations continued in the left knee including occasional buckling of the knee. And, on October 27, 1998, on the recommendation of Doctor McDermott, plaintiff was examined by a Doctor Ronald Tietjen, who referred him for an MRI, that was performed on October 29, 1998 and showed a large tear and surrounding degeneration involving the middle and posterior horn of the medial meniscus and an atrophied anterior cruciate ligament.
Doctor Tietjen connects these conditions to the trauma sustained by the plaintiff as a result of the defendant's vehicle colliding with plaintiff's car door, and recommended surgical intervention.
The plaintiff is now 81 years old and has a life expectancy of six years. Based on the duration of the knee injury and the findings of Doctor Tietjen of the nature of the injury the Court finds the injury to be a permanent one.
Prior to the collision the plaintiff was a very mobil 79 year old. He was a walker, a frequent flea market attendee and a part time baby-sitter for his grandsons, after their daily dismissal from school. Based on his bad leg, he can no longer participate in these activities.
The plaintiff has incurred reasonable medical expenses to date of $2,250.12. The plaintiff has had admitted into evidence an estimate for physicians fees for a correction of the knee condition. There is no evidence, however, that the plaintiff intends to have this procedure done and, therefore, the estimate CT Page 611 is disregarded by the Court.
Based on the foregoing, a judgment may enter for the plaintiff in the total sum of $23,250.12. Broken down as $2,250.12 in economic damages and $21,000.00 in non-economic damages.
Edward F. Stodolink, Judge